# United States District Court
## for the
## Eastern District of New York

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: **Jason DePalma**        Case Number **01-CR-151-001**

Name of Sentencing Judicial Officer: **The Honorable Allyne R. Ross, U.S. District Judge**

Date of Original Sentence: **December 9, 2005**

Original Offense: **Conspiracy to Distribute & Possess w/Intent to Distribute MDMA, 21 U.S.C. 846, a Class C felony**

Original Sentence: **Five Years Probation; Fine in the amount of $30,000 payable at a rate of $500 monthly; 500 Hours Community Service; Full Financial Disclosure; Mental Health and Drug Aftercare and; Firearms Prohibition**

Type of Supervision: **Probation**        Date Supervision Commenced: **December 9, 2005**

═══════════════════════════════════════════════════════════════════════

## PETITIONING THE COURT

☒ To modify the conditions of supervision as follows:

**You shall pay a fine of $30,000.00 less any monies received. Payments shall be made at the rate of no less than $150.00 per month.**

Request for Modifying the
Conditions or Terms of Supervision
with Consent of the Offender

Prob 12B / Page 2

## CAUSE

On December 9, 2005, supervision was transferred to the Northern District of Ohio (NDOH) based on the offender's residency in that district. On July 26, 2006, we received notification from the supervising district that the offender is in default with the Court-ordered payment schedule. To date, the probationer should have made payments totaling $4,500, however, has only made payments totaling $1,600 toward the fine. According to NDOH/USPO Kathleen Oaker, in April 2006, Mr. DePalma was laid-off from his father's company and has had difficulty securing new employment, and claims an inability to pay. Despite being $2,900 in arrears, he continues to live above his means and has not made the fine payments a priority. Presently, the supervising probation officer does not believe that the offender has the ability comply with the Court-ordered payment schedule due to his unemployment status.

With regard to his overall adjustment to supervision, we note that in March 2006, Mr. DePalma successfully completed an intensive real estate course and hopes to become a licensed real estate agent. However, his felony conviction may impede his chances of attaining his license. He continues to attend drug treatment and all urine specimens have returned negative.

On July 10, 2006, USPO Oaker informed AUSA Linda Lacewell of the offender's financial circumstances and she had no objection to the modification of the payment schedule.

Predicated on the above, it is respectfully recommended that the probationer's payment schedule be amended to $150 per month. We believe this modification will allow him to make payments commensurate with his current financial status. The probationer waived his right to a hearing and therein consented to the proposed modification, as evidenced by the attached waiver executed on July 27, 2006. We await Your Honor's final decision in this matter, which can be indicated below.

Respectfully submitted by,

Jaquita Mitchell
U.S. Probation Officer
August /8, 2006

Approved by,

Andrew Bobbe
Deputy Chief U.S. Probation Officer
August /8, 2006

THE COURT ORDERS:
☑ The Modification of Conditions as Noted Above
☐ Other

Signature of Judicial Officer

8/26/06
Date